SOUTHWICK, P.J.,
Dissenting.
¶ 10. The majority makes a logical and defensible decision to dismiss. My disagreement is that I believe dismissal is an inefficient use of judicial resources. Instead, I would enter an order requiring that the circuit court rule on the motion or, if that has already occurred, provide a certified copy of the order as a supplement to the record. M.R.A.P. 10(e).
¶ 11. The State argues that we do not have jurisdiction. I find that an appellate court always has jurisdiction to determine if it has jurisdiction. I would exercise that authority as follows.
¶ 12. What Forkner should have done is wait for the trial court to grant leave to file a late appeal. Since the motion for leave was filed during the thirty day period immediately following the original thirty days to appeal, the trial court could have granted an extension if good cause was shown. M.R.A.P. 4(g). In addition, if the trial court found that Forkner or his counsel did not get notice of the judgment within the time to file a proper notice of appeal, and if no prejudice would occur, the time for appeal can be reopened. Forkner would need to show that the request to reopen was filed within seven days of discovery of the order denying the post-trial motions. M.R.A.P. 4(h). Fork-ner clearly filed a timely motion at least under Rule 4(g) to reopen the period for *607 appeal. The circuit court had authority to grant the motion. Forkner just got ahead of himself on the appeal.
¶ 13. What the majority holds is that since the record does not reflect that the circuit court granted the motion, we must dismiss. This does not necessarily, mean that Forkner can now seek a ruling on the motion and start the appeal over again, at least not if the State is correct that if the motion was not promptly brought on for hearing by Forkner, it has lapsed.
¶ 14. Court rules are not supposed to be a trap for the unwary. Forkner’s original counsel may have been unwary when he decided to file a notice of appeal twelve days after filing a motion to reopen the period for appeal. The error was not in the timely bringing of an appeal, but in the sequence of acts that should have been followed. The appellate rules provide that a premature notice of appeal that predates ruling on certain other kinds of post-trial motions becomes effective on the day that those motions are denied. M.R.A.P. 4(b), (d) & (e). Once the appeal notice was filed, the trial court may well have determined it no longer had jurisdiction to rule on the motion for leave.
¶ 15. These appellate rules are not statutes issued under the authority of the legislature but court rules promulgated under the authority of the Supreme Court and interpreted and applied by courts. Rules can be suspended in the interest of expediting decision. M.R.A.P 2(c). I find it within the authority of this Court in managing its docket to apply the prospective effectiveness approach to out-of-sequence notices of appeal and rulings on motions to reopen the time for appeal.
¶ 16. The case is fully briefed on the merits. The State never moved to dismiss the appeal but was content to proceed with briefing though adding the procedural matter to its arguments. I find nothing gained and much lost by dismissing. I would enter an order to require as appropriate either a supplementation of the record to provide a copy of any order on the motion that has been entered, or that the motion now be ruled upon and a copy of the order sent us. Upon receipt, we should then return to our consideration of the case.
McMILLIN, C.J., KING, P.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.